UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:08CV1597 MLM |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

Before the Court is what appears to be a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. In a filing numbering over three hundred pages, petitioner has presented to the Court several requests for relief, containing a myriad of arguments, along with numerous "exhibits" purportedly supporting petitioner's claims. Many of the documents submitted by petitioner are handwritten and difficult to read, and are thus incapable of being scanned into the Court's electronic docketing system. Additionally, the petition does not comply with Rules 8 or 10 of the Federal Rules of Civil Procedure. **Rule 8(a) requires that the complaint contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief . . ." And Rule 10(b) requires a plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."**

The aforementioned filings are numerous and excessive and contain long and rambling paragraphs. Accordingly the filing fails to comply with Rules 8 and 10 and generally provides an unwieldy means of presenting petitioner's claims. As such, the Court will order petitioner to amend his application for writ of habeas corpus on one court-provided form. This amended petition will supersede all previous filings before the Court.[1] In his amended petition, petitioner must set out, in a legible fashion and in compliance with Rules 8 and 10, every ground under which he believes he is entitled to relief. Petitioner is discouraged from attaching to his amended petition the voluminous "exhibits" and various requests for injunctive relief he has previously filed with the Court, <u>unless</u> petitioner reasonably believes that these particular filings are integral and supportive of the grounds for relief set forth in the amended petition. Petitioner is also advised that to the extent he is alleging challenges to the conditions of his confinement, these claims must be brought in a separate action pursuant to 42 U.S.C. § 1983. Petitioner's failure to comply with this Court's Order will result in a dismissal of his application for writ of habeas corpus, without prejudice.

---

[1] Both this Court's Local Rule 2.06(A) and Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts give this Court the authority to order petitioner to amend his petition by filing it on a court-provided form.

Lastly, the Court notes that petitioner has neither paid the $5 filing fee nor filed a motion to proceed in forma pauperis. As a result, the Court will order petitioner to either pay the filing fee or submit a motion to proceed in forma pauperis and financial affidavit within thirty days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall forward to petitioner, with a copy of this Order, the court-provided form for filing a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," as well as a form "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases."

**IT IS FURTHER ORDERED** that no later than thirty (30) days from the date of this Order, petitioner must file an amended application for writ of habeas corpus on a court-provided form. The amended petition should comply with the specifications set forth above.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of this order to pay the statutory filing fee of $5, or to submit a completed form "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases."

**IT IS FURTHER ORDERED** that, upon petitioner's filing of the form petition, the Clerk shall resubmit this matter to the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that petitioner's failure to comply with this Court's Order will result in a dismissal of his application for writ of habeas corpus, without prejudice.

Dated this 20th day of October, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE